**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02408-CMA-KMT

SENAD GLUHIC,

    Plaintiff,

vs.

SAFEWAY INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Senad Gluhic, by and through his counsel, Chan Law Firm, and Defendant Safeway, Inc., by and through its counsel, Holland & Hart LLP, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby ORDERS as follows:

1.    All production and disclosure of "Confidential Information" as defined in paragraph 2 below shall be governed by this Order.

2.    "Confidential Information" as used herein includes, but is not limited to, documents, materials, and information (in electronic, hard copy, or any other form or media), including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to discovery in this case and designated as "Confidential" pursuant to the terms of this Protective Order. In general, Confidential Information includes and may be claimed with respect to:

    a.    Information concerning present or former employees of Defendant, such as pay, benefits, hours worked, pay rates, personnel files, and other personal information;

    b.  Confidential and proprietary business information regarding Defendant and its operations, contracts, customers, processes, and equipment; and

    c.  Any other information reasonably deemed to be of a confidential or proprietary nature by the designating party.

The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

  3.  Documents may be designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  In lieu of marking the original documents, a party may mark the copies that are produced or exchanged.

  4.  Confidential documents, materials, and/or information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistent with the terms of this Order, in pretrial discovery, the trial or preparation for trial, or any appeal of this action; provided, however, any party may use its own Confidential Information for any purpose whatsoever.  The use of Confidential Information at the trial or in pretrial discovery or other proceedings shall not be deemed a waiver of the protections of this Order.

  5.  Documents labeled "Confidential" shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.  Attorneys for each party actively engaged in this litigation; including, but not limited to, attorneys from Holland & Hart LLP and Chan Law Firm;

    b. Persons regularly employed or associated with the attorneys and actively engaged in this litigation;

    c. Plaintiff, provided, however, that Plaintiff may only review such material, or a copy of such material, at the office of her counsel;

    d. Current directors, officers, and employees of Defendant who need to review such documents to assist in the litigation of this matter;

    e. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    f. The Court, jurors, and court staff involved in this case;

    g. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    h. Deponents, witnesses, or potential witnesses who are reasonably expected to testify at deposition or trial;

    i. Other persons by written agreement of the parties; and

    j. Outside vendors who perform indexing, photocopying, or similar clerical functions for the parties' attorneys.

6. Any party objecting to the designation of any information as Confidential shall clearly state the basis for the objection in a written notice to counsel for the party making the designation. The written notice shall identify the information to which the objection is made. If the parties are unable to resolve the objection within fourteen (14) days after the time the notice is received, the party objecting to the confidential designation shall within twenty-one (21) days

of the aforementioned notice file an appropriate motion with the Court requesting resolution of the matter, otherwise any objection is waived.  Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be deemed to be properly designated and subject to the terms of this Order.  The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

7. This Order shall continue to be binding throughout and after the conclusion of the hearing, including any appeal thereof.  Upon conclusion of this case, upon written request, any and all copies of the opposing party's Confidential documents shall be returned to opposing counsel or destroyed by counsel, who shall so certify to opposing counsel.  Notwithstanding the foregoing, all briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses material covered by this Order may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

8. The terms of this Order may be modified by further order of the Court upon good cause shown.

DONE AND ORDERED this 10th day of July, 2012.

BY THE COURT:

_Kathleen D. Tafoya_

Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM:

| | |
|---|---|
| s/Catherine A. Chan | s/Gregory A. Eurich |
| Catherine A. Chan | Gregory A. Eurich, Esq. |
| Chan Law Firm | Joseph Neguse, Esq. |
| 1900 Grant Street, Suite 750 | HOLLAND & HART LLP |
| Denver, CO 80203 | 555 Seventeenth Street, Suite 3200 |
| (303) 586-5555 | Denver, CO  80202 |
| E-mail: cchan@chanimmigration.com | Telephone: (303) 295-8166 |
| | (303) 295-8443 |
| **ATTORNEY FOR PLAINTIFF** | Fax: (303) 975-5464 |
| | (720) 545-2089 |
| | E-mail:  geurich@hollandhart.com |
| | jneguse@hollandhart.com |
| | **ATTORNEYS FOR DEFENDANT** |

5663607_1.DOCX

5